# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CA PAWN REALTY 5, LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3150 |
| | § | |
| PARK NATIONAL BANK, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the court is plaintiffs CA Pawn Realty 5, LLC and CA Pawn Realty 10, LLC's motion to remand. Dkt. 4. After considering the motion, response, and applicable law, the court GRANTS plaintiffs' motion to remand.

## BACKGROUND

Defendant Park National Bank removed this declaratory action to federal court under diversity of citizenship subject matter jurisdiction. *See* Dkt. 1. In the notice of removal, defendant stated that the matter in controversy was a loan in the amount of $6,530,000. Dkt. 1 at 2. Plaintiffs, however, argue that the amount in dispute is not the amount of the loan itself, but rather allegedly improper fees that the defendant has imposed as a condition of having the loan assumed by a third-party. Dkt. 4. Plaintiffs argue that these sums are short of the $75,000 amount in controversy requirement, and, therefore, the case should be remanded to state court. *Id.*

## ANALYSIS

When a case is removed to federal court, the "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir.

2003) (citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)). In an action for declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct 2434 (1977). In other words, it is "the value of the right to be protected or the extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Leininger v. Leininger,* 705 F.2d 727 (5th Cir. 1983)). When the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy has been met. *Garcia*, 351 F.3d at 638–39.

In the present case, the total value of the loan is not what the plaintiffs seek to protect, nor the injury they seek to prevent. Rather, they are asking the court to find that the defendant has improperly demanded fees in order for the third-party to assume the loan—these fees, therefore, are the object of the litigation. The fees consist of a $40,000 estimated appraisal fee and $4,500 in inspection fees. Dkt. 4. Additionally, Park National Bank is requiring the third-party to increase the total in a reserve account from $275,000 to $500,000—a $225,000 increase.[1] *Id.* Assuming *arguendo* that plaintiffs' loss of use of the $225,000 to be deposited into the reserve account is included in the calculation with the other fees, defendant still falls short of demonstrating by a preponderance of the evidence that the amount in controversy has been met. At best, the amount in controversy totals $68,000.[2]

---

[1] The funds in the reserve account belong to the plaintiffs, but are held by the defendant. At most, the plaintiffs lose only access to the funds for the duration of the loan.

[2] $40,000 appraisal fee + $4,500 inspection fees + $23,500 loss of use of the $225,000 added to the reserve account = $68,000. The $23,500 loss of use is calculated as the difference between the future value of $225,000 invested at 1.25% interest for a period of 8 years and $225,000. This calculation is high for various reasons, including the fact that the third-party is only required to deposit $10,000 per month into the reserve until the total reaches $500,000; the third-party is not required to deposit $225,000 all at once to bring the reserve up to $500,000.

### Conclusion

Having determined that the amount in controversy requirement has not been met, the court concludes that removal is improper.  Therefore, plaintiffs' motion to remand is GRANTED.  It is, therefore, ORDERED, that the case be remanded to the 278th Judicial District Court of Walker County, Texas, where the suit was originally filed.

Signed at Houston, Texas on October 7, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY